Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise consists of glass bead Christmas tree ornaments similar in all material respects to those the subject of *Walco Bead Co., Inc.* v. *United States* (29 Cust. Ct. 62, C. D. 1445), the claim of the plaintiff was sustained.

**No. 58705.**—William Hepworth & Sons *v.* United States, protests 129959–K and 129960–K (Philadelphia).

Opinion by WILSON, J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492).   In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in the schedule attached to and made a part of the decision in this case.

**No. 58706.**—Sammar Corporation and Amicale Trading Co., Inc. *v.* United States, protests 219157–K and 218947–K (A) (New York).

Opinion by WILSON, J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492).   In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in the schedule attached to and made a part of the decision in this case.

**No. 58707.**—Schering Corporation *v.* United States, protests 233908–K (A) and 233908–K (B) (New York).

Opinion by WILSON, J.   An examination of the record failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protests were overruled.